

FILED

APR 30 2003

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
        DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN KUPKA,

    Plaintiff,                   No. CIV S-02-1637 LKK JFM PS

    vs.

THOMAS A. ACEITUNO, et al.,

    Defendants.                FINDINGS AND RECOMMENDATIONS

_____/

        Defendant Aceituno's motion to refer this case to the bankruptcy court came on regularly for hearing April 10, 2003. John Kupka appeared in propria persona. Ken Whittall-Scherfee, attorney at law, appeared for defendant Aceituno. Upon review of the motion and the documents in support and opposition, upon hearing the arguments of plaintiff and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

        In this action, plaintiff alleges that defendant Aceituno wrongfully accessed and obtained plaintiff's credit report in violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681. Defendant contends that these allegations arose in or are related to plaintiff's bankruptcy case because they arose solely as a result of defendant's activities as trustee in plaintiff's bankruptcy action. Defendant asks the court to refer this matter to the bankruptcy court.

/////

1  Defendant is the Trustee appointed by the bankruptcy court under 11 U.S.C.
2  § 1104 to administer plaintiff's bankruptcy estate.[1] It is well settled that a bankruptcy Trustee is
3  an officer of the appointing court. In re Kashani, 190 B.R. 875, 883 (9th Cir. BAP 1995)(noting
4  that the granting of leave for a party to sue the trustee is within the sound discretion of the
5  appointing court).  In addition, "[c]ourts have long held that the nonappointing court may not
6  entertain suits against the Trustee for acts done in the Trustee's official capacity without leave
7  from the appointing court because the other court lacks subject matter jurisdiction." Id. (citations
8  omitted); see also In re DeLorean Motor Co., 991 F.2d 1236, 1240 (6th Cir. 1993). Thus, while
9  the district court has concurrent original jurisdiction with the bankruptcy court over bankruptcy
10 cases in general, see In re Parker North American Corp., 24 F.3d 1145 (9th Cir. 1994); In re
11 Daniels-Head & Associates, 819 F.2d 914, 917 (9th Cir. 1987), and may withdraw a case from
12 reference to the bankruptcy court, see 28 U.S.C. 157(d),[2] it may not entertain a suit against a
13 Trustee appointed by the bankruptcy court without plaintiff obtaining leave from the bankruptcy
14 court. Kashani, supra. Since plaintiff's action is against a Trustee appointed by the bankruptcy
15 /////
16 /////

---

[1] Section 1104 provides in pertinent part:

"(a) At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee -- * * * *"

11 U.S.C. § 1104.

[2] Section 157(d) provides:

"The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce."

28 U.S.C. § 157(d).

court and the bankruptcy court has not provided leave for her to sue the Trustee in another forum, the court does not have subject matter jurisdiction over plaintiff's case.[3]

Accordingly, this court will recommend that defendants' motion to refer this case to the bankruptcy court be granted and that this action be dismissed.

IT IS HEREBY RECOMMENDED that:

1. Defendant's motion to refer this case to the bankruptcy court be granted; and

2. This action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 28, 2003.

_____
UNITED STATES MAGISTRATE JUDGE

001; kupka.57

---

[3] Plaintiff does not demonstrate why the court should withdraw its reference from the bankruptcy court.

3

```
                   United States District Court
                              for the
                    Eastern District of California
                           April 30, 2003


                    * * CERTIFICATE OF SERVICE * *

                                            2:02-cv-01637


     Kupka

          v.

     Aceituno

     _____


I, the undersigned, hereby certify that I am an employee in the Office of
the Clerk, U.S. District Court, Eastern District of California.

That on  April 30, 2003, I SERVED a true and correct copy(ies) of
the attached, by placing said copy(ies) in a postage paid envelope
addressed to the person(s) hereinafter listed, by depositing said
envelope in the U.S. Mail, by placing said copy(ies) into an inter-office
delivery receptacle located in the Clerk's office, or, pursuant to prior
authorization by counsel, via facsimile.


          John Kupka                          AR/LKK
          3051 Cedarhurst Ct
          Cameron Park, CA  95682             CF/JFM

          Kenneth Reynolds Whittall-Scherfee
          Whittal-Scherfee Law Office
          1006 Fourth Street
          Sixth Floor
          Sacramento, CA  95814




                                        Jack L. Wagner, Clerk

                                   BY:  /s/ L. Mena-Sanchez
                                        Deputy Clerk
```